

**NUMBER 13-12-00698-CR**

# COURT OF APPEALS

# THIRTEEN DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**THE STATE OF TEXAS,** <span style="float:right">**Appellant,**</span>

**v.**

**JUAN LANDEROS,** <span style="float:right">**Appellee.**</span>

---

**On appeal from the County Court at Law No. 4
of Nueces County, Texas.**

---

# MEMORANDUM OPINION

**Before Justices Rodriguez, Benavides and Longoria
Memorandum Opinion by Justice Benavides**

Appellee Juan Landeros was charged with family violence assault. *See* TEX. PENAL CODE ANN. § 22.01 (West 2011). By a single issue, the State contends that the trial court erred in granting Landeros's motion to suppress because Landeros was not in custody when he made the self-incriminating statement that was later used against him. We affirm.

## I. BACKGROUND

On July 1, 2012, Officer Meer responded to a rollover accident and saw Landeros sitting on the curb with M.L., his wife. While medics were treating Landeros, Officer Meer spoke with M.L. who told him that she was not in the vehicle when the rollover accident occurred. When Officer Meer asked her how she got injured, she answered that Landeros struck her face when she arrived at the scene. Officer Meer subsequently asked her if she would fill out an assault victim statement and allow him to photograph her injuries. At that point, M.L. stopped cooperating.

After Landeros was medically cleared, Officer Meer approached him to ask how M.L. came to be injured. Before Officer Meer asked a single question, Landeros asked what was going to happen to him. Officer Meer answered Landeros by saying that Landeros was going to be arrested. Landeros testified to the following at the suppression hearing:

Q: When [Officer Meer] came up to you, did you feel like you were free to leave?

A: No.

Q: Why not?

A: Because he asked me how it happened. I say that I don't know, I just got in an accident, and he told me—and he did not even tell me my rights because I asked him if—what was going to happen with me. He told me I was under arrest, and I tell him why, and he say it's because it's under investigation.

Q: So he informed you you were going to be arrested?

A: Yes.

Q: When he informed you you were going to be arrested, did you feel free to leave?

A:     No.

Q:     And at that point he questioned you, is that right?

A:     Yes.

Landeros subsequently confessed to Officer Meer that he had struck M.L. in the face. He was immediately placed under arrest for family violence assault. *See id.* The trial court granted Landeros's motion to suppress after concluding that Landeros was in custody when he made the self-incriminating statement. The trial court further ruled that Officer Meer needed to Mirandize him in order for the State to use the statement against Landeros. *See* TEX. CODE CRIM. PROC. ANN. art. 38.22 (West 2005); *see also Miranda v. Arizona*, 384 U.S. 436, 444, 86 S.Ct. 1602, 1612 (1966). This appeal followed.

## II.  CHALLENGE TO THE RULING ON CUSTODY

The State argues the trial court erred when it granted Landeros's motion to suppress because Officer Meer did not need to Mirandize Landeros, who was not in custody and did not have to admit that he struck M.L. in the face.

### A.  Standard of Review and Applicable Law

A trial court's ruling on a motion to suppress evidence is reviewed on appeal under a bifurcated standard of review. *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007). Almost total deference is accorded to a trial court's determination of the facts that the record supports. *Id.* When applying the law to the facts, appellate courts review the trial court's ruling on those questions de novo. *Id.*

The prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of

procedural safeguards effective to secure the privilege against self-incrimination. *Miranda*, 384 U.S. at 444; *Alford v. State*, 358 S.W.3d 647, 653 (Tex. Crim. App. 2012). The four general situations which indicate a person is in custody for *Miranda* purposes are when one is: (1) physically deprived of freedom; (2) told he is not free to leave; (3) in a situation in which a reasonable person is led to believe his freedom of movement has been significantly restricted; and (4) in a situation in which there is probable cause to arrest and law enforcement officers do not tell the suspect he is free to leave. *Dowthitt v. State*, 931 S.W.2d 244, 254 (Tex. Crim. App. 1996).

Whether a person has been detained to the degree associated with arrest is determined on a case-by-case basis. *State v. Ortiz*, 382 S.W.3d 367, 372 (Tex. Crim. App. 2012). Courts look only at the objective factors surrounding the detention and not the subjective beliefs of the detaining officer in determining whether a person is in custody. *Id.* If the officer manifests his belief to the detainee that he is a suspect, then that officer's subjective belief becomes relevant to the determination of whether a reasonable person in the detainee's position would believe he is in custody. *Id.* Absent that, "any undisclosed subjective belief of the suspect that he is guilty of an offense should not be taken into consideration" as the "reasonable person standard presupposes an 'innocent person.'" *Id.*

An officer's questioning does not, by itself, constitute custody. *State v. Rodriguez*, 986 S.W.2d 326, 329 (Tex. App.—El Paso 1999, pet. ref'd). However, the conduct of the police during the encounter may cause a consensual inquiry to escalate into custodial interrogation. *Id.*

**B. Discussion**

4

In this case, it is clear that Landeros was in custody because Officer Meer told him that he was about to be arrested prior to making the self-incriminating statement. *Dowthitt*, 931 S.W.2d at 254. In other words, a reasonable person would believe he is in custody when a police officer affirmatively tells him that he is about to get arrested. *Id.*

The State argues a reasonable person would not think himself under arrest or its equivalent when Officer Meer merely approached Landeros and asked him a question about M.L.'s injury. We agree that questioning itself does not constitute custody. *Rodriguez*, 986 S.W.2d at 329. However, almost immediately after approaching Landeros and before Landeros gave the self-incriminating statement, Officer Meer told Landeros that he was going to arrest him for family violence assault family violence. By doing so, Officer Meer manifested his intention to detain Landeros, which caused the consensual questioning to escalate into custodial interrogation. *See Ortiz*, 382 S.W.3d at 372. Thus, the procedural safeguards required under *Miranda* should have been utilized. *See Miranda*, 384 U.S. at 444; *Dowthitt*, 931 S.W.2d at 254. As soon as Officer Meer manifested his intention to place him under arrest before asking any questions, we conclude that Landeros was in custody. *See id.* at 254–55.

The State cites *State v. Stevenson* as support for its argument that Landeros was not in custody when he made the statement. *See* 958 S.W.2d 824, 829 (Tex. Crim. App. 1997). *Stevenson*, however, is distinguishable from this case. The defendant in *Stevenson* admitted that he was the driver in a one-car accident before the officer Mirandized him. *Id.* at 825. However, the defendant was clearly not detained at the time because the self-incriminating statement was made at the initial stage of

5

investigation when the officer asked who the driver was. *Id.* Here, the entire conversation between Officer Meer and Landeros rested on M.L.'s injury, rather than the rollover accident. Even though Officer Meer first reported to the scene to investigate the rollover accident, he went straight to ask Landeros about his wife's injury. In addition, Landeros's vehicle was overturned by the side of the highway and rendered inoperable, while Officer Meer blocked the roadway with his police car when he arrived at the accident scene. Finally, as discussed above, Officer Meer specifically told Landeros that he was about to be arrested. In short, a reasonable person in the present case would have believed his freedom has been significantly restricted under the circumstances. *Dowthitt*, 931 S.W.2d at 254. Officer Meer violated the Miranda requirement and the Texas Code of Criminal Procedure article 38.22 when he took his statement without first reading Landeros his rights. *See Miranda*, 384 U.S. at 444; TEX. CODE CRIM. PROC. ANN. art. 38.22 (West 2005). Accordingly, the State's sole issue is overruled.

### III. CONCLUSION

We affirm the trial court's granting of Landeros's motion to suppress.

_____
GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
18th day of July, 2013.

6